25529. DAY *v.* THE STATE.

488

DECIDED JUNE 11, 1936.

*John D. & E. S. Taylor,* for plaintiff in error.

*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

GUERRY, J. "The grand jurors, selected, chosen and sworn for the County of Chattooga . . charge and accuse the said Henry Day with the offense of misdemeanor, for that the said Henry Day, in said county, on the 5th day of August, 1935, with force and arms, did then and there unlawfully sell malt beverages inside the city limits of the town of Menlo, in said county, without first having procured a permit from the governing authorities of said town of Menlo, Georgia, to engage in the retail sales of malt beverages." Under this indictment the jury returned a verdict of guilty. The defendant filed a motion in arrest of judgment which presents the question whether the allegations of the indictment, quoted above, charge the defendant with any act which is in violation of any law of this State. The first point dealt with by the plaintiff in error, to wit, that the act of 1935, pp. 73-81, legalizing the sale of malt beverages after a referendum, does not require a *permit* from the governing body of a municipality, in order to carry on the business of selling malt beverages in such municipality, but only requires a license, may be answered merely by a quotation of a section of that act, to wit: "Sec. 15A. The privilege of manufacturing, distributing and selling by wholesale or retail of beverages provided in this act is purely a privilege and no business legalized by this act shall be conducted in any county or incorporated municipality of this State *without a permit* from the governing authority of such county or municipality, which said authority is hereby given discretionary powers as to the granting or refusal of such permits." Under this section, the permission of the governing authorities of a municipality for the wholesale or retail sale of beer is required, even though no license tax be required by the municipality. The indictment does not disclose that the City of Menlo had required a license tax and had issued to defendant a license upon his payment of the tax. The indictment alleges that Day

did sell malt beverages in a named municipality, without first having obtained a permit from the governing authorities of such municipality "to engage in the retail sale of malt beverages." These allegations were sufficient to show that defendant sold malt beverages as a retail dealer in violation of the terms of the act. The judge did not err in overruling the motion in arrest of judgment.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*